No. 29,544

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

ROY WALKER and SHELLIE WALKER,
Plaintiff-Appellants,
v.

UNITED STATES,
Defendant-Respondent.

# PLAINTIFF-APPELLANTS' REPLY BRIEF

Certified Questions from the United States Court of Federal Claims
Case No. 04-155 L
Honorable Susan G. Braden, Judge

Submitted by:

John B. Draper
Montgomery & Andrews, P.A.
P.O. Box 2307
Santa Fe, New Mexico 87504-2307
(505) 982-3873

and

Lyman D. Bedford
Michael J. Van Zandt
McQuaid Bedford & Van Zandt LLP
221 Main Street, 16th Floor
San Francisco, CA 94105
(415) 905-0200

*Counsel for Plaintiff-Appellants*

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. This Court Is Asked to Resolve Only the Legal Issues of Whether New Mexico Law Connects Stock Watering with Access Rights and with a Right to Graze . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. The Court of Claims Resolved the Federal Issues in the Walkers' Favor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. No Federal Authority Exists Contradicting the Walkers' Arguments or Undermining this Court's Ability to Decide the Certified Questions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. The Law New Mexico Recognizes a Limited Forage Right Implicit in a Vested Stockwater Right . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. The Most Beneficial Use of the Walkers Water Rights is for Stockwatering and Vested Stockwatering Rights Under The Mining Act of 1866 Cannot Be Relocated. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. The Law of New Mexico Recognizes a Limited Forage Right Implicit in a Right-of-Way for the Maintenance and Enjoyment of a Vested Stockwater Right. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. This Court can rely on Historical Documents Establishing Local Law and Custom . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI. The Historic Material the Walkers' Present Shows the New Mexico Custom of a Forage Right is Implicit in a Vested Water Right and Associated Right of Way. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Dismiss stage. The United States moved for summary judgment, but Judge Braden denied the motion, intending to wait for resolution of the questions pending before this Court. *Walker v. United States* (*Walker II*), ___ Fed. Cl ___, 2006 WL 2041500 (Fed. Cl. July 21, 2006).

Judge Braden ruled against the United States on the federal and factual issues in the Answer Brief and this Court is presented only with two questions of New Mexico law.

## II. The Law New Mexico Recognizes a Limited Forage Right Implicit in a Vested Stockwater Right.

The United States, the State Engineer, and NWF all make the argument that ownership of water is separate from ownership of land. But the Walkers do not claim to own the land. The Walkers claim that New Mexico law recognizes a forage right implicit in a vested water right, which has its beneficial use basis in stockwatering.

The State Engineer also argues that if forage is implicit in a water right then the "rights derive from the same source." (Brief of New Mexico State Engineer, at 2) But water rights and forage rights can be derived from the same source. In this case, the custom and usage in New Mexico is provided for by the Mining Act of 1866. *See Western Watershed Project v. Matejko*, ___ F.3d ___, (9th Cir. 2006), WL 2042825, *2.

Further, the State Engineer argues that "a forage right depends on and arises directly out of ownership of land." (State Engineer Brief, at 4). However, this argument fails to address that in New Mexico a water right is a distinct property right. *Posey v. Dove*, 57 N.M. 200, 257 P2d 541, 547 (1953). And as such, it "carries with it those appurtenances necessary to the beneficial enjoyment of the property granted." *Cleary v. Skiffich*, 28 Colo. 362, 373, 65 P. 59 (Colo. 1901). Forage is necessary to beneficially use water for stockwatering in New Mexico.

(10th Cir. 1943) (water company prohibited by the New Mexico State Engineer from using irrigation works in New Mexico to carry waters for use on land situated in Colorado.). Changing the point of diversion or place of use for municipal water or irrigation through existing facilities is inherently different then changing a stockwater right. Further, the cited cases hold that a water right is a property right and that the owner may change the place of diversion and use so long as it will not injure others. *See Clodfelter*, 68 N.M. 61, at 66; *Lindsey,* 136 F.2d at 70; *see also Durand v. Reynolds*, 75 N.M. 497, 500, 406 P.2d 817, 819 (1965). The ability to is a protective aspect of the water right, not an instrument of the government to force a change in water use.

The Walkers water rights consist of small sources throughout the grazing allotment and with no distribution system, other than grazing cattle. It would be a logistical nightmare as well as economically prohibitive for a ranching family to move the water off the grazing allotment.[4] *See McNew,* at 59-60 ("While he undoubtedly had the right to change the character and place of use of the water, the doing so would involve the loss of a considerable portion of his investment. The water right was, therefore, incident to the range.") Often, stockwater is appropriated when beneficial use can be shown because the cattle can get to the water.[5] *See Store Safe Redlands Associates v. United States*, 35 Fed. Cl. 726, 731 (1996) (the plaintiff claimed "vested water

---

[4] Likewise, the Walkers cannot simply file an application for a new Stock-watering permit under NMSA §72-9-3 or §72-12-1.2. The United States has taken away the Walkers ability to economically graze cattle under the permit they previously had, an issue that is currently before the United States Court of Federal Claims.

[5] As discussed in the Walkers' Brief in Chief, there is no diversion requirement for beneficial use of water for grazing livestock. (*See* Brief in Chief at pp 32 - 33.) Neither the United States or the State Engineer oppose this position.