IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY WALKER AND SHELLIE WALKER, Plaintiffs, | ) | No. 04-155 L |
| v. | ) | Judge Susan G. Braden |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to RCFC 56(h), Defendant submits this statement of proposed findings of unconverted fact which are material to its motion for summary judgment and as to which there is no genuine dispute.

1. In 1994, Plaintiffs Roy Walker and Shellie Walker (together, "the Walkers") purchased approximately 40 acres in Grant County, New Mexico, from Crecencio (Chris) and Nellie Dominguez. Compl. ¶¶ 8-9 (Doc. 1); Declaration of Shellie Walker ¶¶ 3-5 (July 19, 2004) (Doc. 18) (hereinafter "Walker Decl.").

2. In 1994, the Walkers purchased an additional 160 acres in Grant County from Louis and Myrtle Oliver. Compl. ¶¶ 7-8; Walker Decl. ¶¶ 7-9.

3 Plaintiffs allege that, at the time they purchased this property from the Dominguezs and the Olivers, they

> also acquired rights to water in New Mexico, which rights are appurtenant to [their] ranch. Among the water rights acquired by

> plaintiffs are rights to waters originating in or found in the Cold and Hot Springs Allotments. The water rights were lawfully acquired by plaintiffs' predecessors-in-interest or by plaintiffs. Plaintiffs have all rights to said water for all purposes. Defendant has no legal or equitable right or interest in said water.

Compl. ¶ 10.

4. The Cold and Hot Springs Allotment is located within the exterior boundaries of the Gila National Forest in New Mexico. Compl. ¶ 8; Declaration of Ralph Pope ¶ 2 and Ex. 1 (map) (Def. Ex. 30).

5. The Walkers subsequently sold the 160 acres purchased from the Olivers in 1994, but retained the rights associated with that base property to use the Cold Springs Allotment under a grazing permit issued by the Forest Service. Walker Decl. ¶ 8; Pls.' Opp. to Def.'s Mot. to Dismiss at 3-4 (dated July 20, 2004) (Doc. 17).

6. Prior to the Walkers' 1994 purchase of property from the Dominguezes and the Olivers, including the alleged purchase of water rights, the Mimbres River Stream System and the Mimbres Underground Water Basin were the subject of an adjudication in the New Mexico state courts, titled Mimbres Valley Irrig. Co. v. Salopek, et al., No. 6326 (6th Judicial Dist., Luna County, NM) ("Mimbres adjudication"). See Walker v. United States, 162 P.3d 882, 885 n.2 (N.M. 2007).

7. The Walkers' predecessors-in-interest (Oliver and Dominguez) participated as defendants in the Mimbres adjudication, and their rights to use the waters of the Mimbres system were determined in this adjudication. Def. Ex. 25 (Order, Case No. 6326, Sub-File No. 672, Defendant Dominguez); Def. Ex. 26 (Order, Case No. 6326, Sub-File No. 761, Defendant Oliver); Def. Ex. 29 (Final Decree in Case No. 6326).

8. On November 5, 1974, the New Mexico state court issued an order in the Mimbres adjudication addressing the rights of Dominguez to divert and use the waters of the Mimbres River Stream System and Underground Water Basin. Def. Ex. 25 (Order, Case No. 6326, Sub-File No. 672, Defendant Dominguez). The state court determined that Dominguez had a right to divert and use certain surface waters of the Mimbres River System to irrigate a small parcel of land. Id. The order found that,

> The defendant [Dominguez] has no surface or underground water rights in the Rio Mimbres Stream System and/or the Mimbres Underground Water Basin, other than those referred to in this Order and those other Orders entered by this Court in this cause regarding other lands owned by the said defendant in the said stream system or basin.

Id. The order also permanently enjoined Dominguez "from any use of the public surface or underground waters of the Rio Mimbres Stream System and/or the Rio Mimbres Underground Water Basin, except in strict accordance with the water right described herein." Id.

9. Neither the water source nor the land to be irrigated that are identified in the Mimbres adjudication order addressing the rights of Dominguez to divert and use water are located within the Cold and Hot Springs Allotment. Compare Def. Ex. 25 (Order with

description of land and water source) with Pope Decl., Ex. 1 (map showing location of Cold and Hot Springs Allotment) (Def. Ex. 30).

10. On August 24, 1987, the New Mexico state court issued an order in the Mimbres adjudication addressing the water rights of defendant Louis Oliver. Def. Ex. 26 (Order, Case No. 6326, Sub-File No. 761, Defendant Oliver). The state court determined that Oliver had a right to divert and use a specified quantity of water from the Mimbres Underground Water Basin to irrigate approximately 3.3 acres of land identified in the order. Id. The state court's order also states that Oliver has "no surface or underground water rights in the Rio Mimbres Stream System and/or the Mimbres Underground Water Basin," other than those referred to in the orders issued by the state court in the adjudication. Id. The order also permanently enjoins Oliver "from any use of the public surface or underground waters of the Rio Mimbres Stream System and/or the Rio Mimbres Underground Water Basin, except in strict accordance with the water right described herein." Id.

11. Neither the water source nor the land to be irrigated that are identified in the Mimbres adjudication order addressing the rights of Oliver to divert and use water are located within the Cold and Hot Springs Allotment. Compare Def. Ex. 26 (Order with description of land and water source) with Pope Decl., Ex. 1 (map showing location of Cold and Hot Springs Allotment) (Def. Ex. 30).

12. The Mimbres adjudication also encompassed the water rights held by the United States within the Rio Mimbres Stream System and the Mimbres Underground Water Basin. The water rights of the United States are identified in an Amended Stipulation that was filed with the state court on August 31, 1990. Def. Ex. 27 (Amended Stip. on the United States' Water Rights Claims in Case No. 6326, Subfile No. 914, Defendant United States). This Amended Stipulation was approved and accepted by the state court. Def. Ex. 28 (Order approving Amended Stipulation).

13. The Amended Stipulation filed with and approved by the state court identifies 263 water rights acquired by the United States under New Mexico state law, including rights to waters of the Mimbres River stream system and underground basin that are located on the subject allotment. Def. Ex. 27; Def. Ex. 28.

14. A final decree was entered in the Mimbres adjudication on January 14, 1993. Def. Ex. 29. See also Walker v. United States, 162 P.3d at 885 n.2 (referencing this final decree).

15. The final decree entered in the Mimbres adjudication approves and confirms all of the "orders adjudicating the water rights of each and every defendant in this case as against the State of New Mexico[,]" Def. Ex. 29 at 3, including the orders adjudicating the water rights of Dominguez, Oliver, and the United States (Def. 25-28). The final decree also provides that "[c]laims to the right to divert or use the public waters of the Mimbres River Stream System and Mimbres Underground Water Basin not heretofore filed with the Court, shall not be adjudicated

by the Court except as may be necessary for the correction of mistakes or omissions." Def. Ex. 29. In addition, the final decree enjoins all defendants, as well as their successors, from any diversion or use of such waters "except in accordance with the adjudication orders and this decree." Id.

16. In the Mimbres adjudication, the water rights within the Rio Mimbres basin on the Gila National Forest that had been developed for stock watering purposes were awarded to the United States. Def. Ex. 27–29.

17. Plaintiffs' predecessors-in-interest – Oliver and Dominguez – were awarded water rights appurtenant to certain privately owned land outside of the Gila National Forest in the Mimbres adjudication, but they were not awarded any water rights on the Cold and Hot Springs Allotment. Def. Ex. 25–29.

18. Plaintiffs allege that they own the water rights associated with certain stock water tanks on the Allotment. Complaint (Doc. 1); Walker Decl. (Doc. 18); Pls.' Opp. to Def.'s Mot. to Dismiss at 3-5 (filed July 20, 2004) (Doc. 17). Of the twelve stock tanks claimed by the Walkers in this case, ten of those tanks were identified in the Mimbres adjudication and the water rights associated therewith were awarded to the United States. Pope Decl. ¶ 17 (Def. Ex. 30).

19. Plaintiffs allege that they possess vested water rights under New Mexico law to two stock water tanks that were not identified in the Mimbres adjudication. The first of these two remaining tanks is the "Twin Calf Tank," which was developed on the allotment in 1991, during the Mimbres adjudication. Pope Decl. ¶ 18 and Spreadsheet Attachment 1. This tank was identified as an existing range improvement in 1995 when the Forest Service issued a term grazing permit to the Walkers for the Allotment. Def. Ex. 1, p. 8. The Walkers were assigned maintenance responsibility for this and other existing range improvements in their term grazing permit. Id. at 8-11. The Walkers' term grazing permit did not transfer ownership of these improvements or any water rights associated therewith to the Walkers. See 36 C.F.R. § 222.3(b) ("Grazing permits and livestock use permits convey no right, title, or interest held by the United States in any land or resources.").

20. The second "tank" identified by the Walkers that was not identified in the Mimbres adjudication appears to be a sediment retention structure built below the Royal John mine, and thus is not a water source developed for stock watering purposes. Pope Decl. ¶ 19 and Spreadsheet Attachment 1.

21. Plaintiffs allege that they own the water rights associated with five wells that are located on the Allotment and that were identified in the Mimbres adjudication. Walker Decl. (Doc. 18); Pope Decl. ¶ 20. The water rights associated with these five wells were awarded to the United States in the Mimbres adjudication. Pope Decl. ¶ 20 and Spreadsheet Attachment 2.

22. Plaintiffs allege that they possess a vested water right in connection with one well on the Cold and Hot Springs Allotment, identified as "Test Well," that was not identified in the Mimbres adjudication. This so-called "Test Well" "appears to be a mineral exploration core drill hole that has never been developed into a producing water well." Pope Decl. ¶ 21.

23. The Walkers have not alleged or offered any proof that they or their predecessors were authorized to construct the "Test Well" on the Cold and Hot Springs Allotment and this authorization from the Forest Service provided that title to this range improvement would be vested in them instead of the United States. See 36 C.F.R. § 222.9 (Forest Service regulations governing range improvements). The Walkers have not alleged or offered any proof that they filed a complete application with the New Mexico State Engineer's Office pursuant to New Mexico law and received a water rights permit or other determination by the state with respect to the "Test Well." See NMSA 1978, § 72-1-2; § 72-12-1; §§72-1-12.1 – 12.3.

24. Plaintiffs allege that they own the water rights associated with ten springs that have been identified on the Allotment and that were also identified in the Mimbres adjudication. Walker Decl. (Doc. 18); Pope Decl. ¶ 22. The water rights associated with these ten springs were awarded to the United States in the adjudication. Pope Decl. ¶ 22.

25. Plaintiffs allege that they are the owners of vested water rights associated with three additional springs that were not identified in the Mimbres adjudication. Pope Decl. ¶ 23. Of these three additional springs, two were developed on the Allotment during the Mimbres

adjudication and the third spring is located in the Rio Grande watershed, which is the subject of a separate general stream adjudication under New Mexico law. Id. All three of these springs were identified in the Walkers' term grazing permit as an existing range improvements. Def. Ex. 1, pp. 9-11.

26. The Walkers were assigned maintenance responsibility for the three springs in Proposed Fact #25 and other existing range improvements in their term grazing permit. Def. Ex 1, pp. 8-11. The grazing permit did not transfer ownership of these improvements or any water rights associated therewith to the Walkers. Def. Ex. 1; 36 C.F.R. § 222.3(b).

27. Neither the Walkers nor their predecessors applied for and received a water right permit from the State of New Mexico under state law for the springs identified in Proposed Fact #25.

22. Plaintiffs also assert that they own vested water rights under New Mexico law in connection with other springs that were not identified in the Mimbres adjudication. See Pope Decl. ¶ 24-25. These additional springs are instead intermittent water sources that are only present following recent precipitation events. Id.

23. Since the final decree was issued in the Mimbres adjudication, the Walkers have not obtained any water rights permits from the New Mexico State Engineer for waters on the Hot and Cold Springs Allotment.

24. Plaintiffs have not sought permission to move any water that they allegedly have rights to under New Mexico state law off the Allotment because those alleged water rights,

> consist of small sources throughout the grazing allotment and with no distribution system, other than grazing cattle. It would be a logistical nightmare as well as economically prohibitive for a ranching family to move the water off the grazing allotment.

Plaintiff-Appellants' Reply Brief at 8, N.M. S. Ct. Case No. 29,544 (dated August 30, 2006) (Def. Ex. 32).

DATED: August 31, 2007

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone No.: (603) 230-2583
Facsimile No.: (603) 225-1577
E-mail: kristine.tardiff@usdoj.gov

OF COUNSEL:

MARY ANN JOCA
Assistant Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
P.O. Box 586
Albuquerque, N.M. 87103-0586