IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY WALKER AND SHELLIE WALKER, Plaintiffs, | ) | No. 04-155 L |
| v. | ) | Judge Susan G. Braden |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to RCFC 56(h), Defendant hereby responds to Plaintiffs' Proposed Findings of Uncontroverted Fact (Doc. 50).

Plaintiffs' Proposed Fact No. 1: In 1994, when Plaintiffs Roy Walker and Shellie Walker (together, "the Walkers") purchased property from Crecencio and Neline Dominguez ("the Dominguezes") and from Louis and Myrtle Oliver ("the Olivers") in Grant County, New Mexico, the Walkers also obtained the water rights to 40 water sources. Declaration of Shellie Walker In Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Walker MSJ Decl."), ¶ 3 (Dated October 18, 2007) (hereinafter "Walker MSJ Decl."); See also Declaration of Shellie Walker In Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss the Complaint for Lack of Jurisdiction, dated July 19, 2004.

Defendant's Response to Proposed Fact No. 1: Defendant agrees that the Walkers purchased property from the Dominguezes and the Olivers in 1994. See Def. Proposed Fact No.

1 (Doc. 45); Pls.' Resp. to Def. Proposed Fact No. 1 (Doc. 49) . The question of whether the Walkers obtained any water rights as part of their acquisition of certain land from the Dominguezes and the Olivers is a question of New Mexico law rather than a material "fact" under RCFC 56(h). Alternatively, even if the question of whether the Walkers obtained any water rights from their predecessors in 1994 is viewed as a question of fact, that fact is not material to the Defendant's motion for summary judgment because even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own any of the 40 water rights that they are claiming on the Allotments under New Mexico state law, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 2: The 40 water rights sold to the Walkers from the Dominguezes and the Olivers consisted of 22 springs (one is referred to as a seep), 12 tanks (one is referred to as a dam) and 6 wells. Walker MSJ Decl. ¶ 4.

Defendant's Response to Proposed Fact No. 2: This proposed fact is based on the premise that, under New Mexico law, the Dominguezes and the Olivers possessed water rights that could be "sold" to the Walkers in 1994. As noted in response to Proposed Fact No. 1, the question of whether the Dominguezes and the Olivers owned any such water rights is a question of New Mexico law rather than a material "fact" under RCFC 56(h). Defendant agrees that Plaintiffs are asserting that they purchased 40 water rights from their predecessors consisting of the right to use

22 springs, 12 tanks and 6 wells, all of which are located on the Allotments at issue in this case. See Declaration of Ralph D. Pope (dated June 30, 2006), Attachments 1-3 (Def. Ex. 30).

Plaintiffs' Proposed Fact No. 3: The Walkers filed declarations of ownership with the New Mexico State Engineer for all 40 water rights. Walker MSJ Decl. ¶ 5 and Exhibit A.

Defendant's Response to Proposed Fact No. 3: Defendant does not dispute that the declarations of ownership that are attached to the Declaration of Shellie Walker (Doc. 51) were submitted by Plaintiffs to the New Mexico State Engineer. The question of whether these declarations have any legal effect is a question of New Mexico law rather than a material "fact" under RCFC 56(h). See Def.'s Summary Judgment Reply at 11-13 (Doc. 57).

Plaintiffs' Proposed Fact No. 4: The Walkers were not aware of any prior adjudication involving their water rights or that their predecessors-in-interest participated as defendants in any such prior adjudication. Walker MSJ Decl. ¶ 6.

Defendant's Response to Proposed Fact No. 4: This proposed fact is neither relevant nor material to the issues presented in this case. The final decree issued in the Mimbres adjudication states that "[a]ll defendants, their successors, assigns, lessees and any other person having actual or constructive knowledge of this decree are permanently enjoined from any diversion or use of the public waters of the Mimbres River Stream System and Mimbres Underground Water Basin, except in accordance with the adjudication orders and this decree." Def. Ex. 29 (Final Decree, p.

3). There is no dispute that the Walkers' predecessors, Dominguez and Oliver, were defendants in the Mimbres adjudication. See Def. Ex. 25 (Order, Case No. 6326, Sub-File 672, Defendant Dominguez); Def. Ex. 26 (Order, Case No. 6326, Sub-File 761, Defendant Oliver); Def. Ex. 29 (Final Decree in Case No. 6326). Accordingly, the Walkers, as successors of Dominguez and Oliver, are bound by the outcome of the Mimbres adjudication and cannot attack the orders and final decree issued by the state court in that adjudication in the context of this takings case. See Def.'s Summary Judgment Reply at 5–10 (Doc. 57).

Plaintiffs' Proposed Fact No. 5: Under the Amended Stipulation, the United States was awarded only a limited amount of water for stock watering and wildlife. Def. Ex. 27.

Defendant's Response to Proposed Fact No. 5: The Amended Stipulation filed in the Mimbres adjudication, and confirmed by the final decree issued by the court in that adjudication, identify the water rights awarded to the United States. Each of the 264 water rights awarded to the United States in the Mimbres adjudication are identified in the Amended Stipulation according to: (1) the legal basis of the water right; (2) the purpose of use; (3) the U.S. Forest Service map reference; (4) the name of the water source or right; (5) the priority date of the water right; (6) the physical location of the water (by section, township and range); and (7) the amount of water that can be used (on a per annum basis). See Def. Ex. 27.

Defendant does not agree with Plaintiffs' characterization, in their opposition brief, that because the amount of water awarded to the United States was "limited," this necessarily means that the water rights awarded to the United States were not "exclusive." Pls.' Opp. at 13-16.

This argument is contrary to the orders issued in the Mimbres adjudication and stands the general stream adjudication process involving the Mimbres system on its head. Plaintiffs' attempts to collaterally attack the outcome of the Mimbres adjudication in this federal action should be soundly rejected in this case. See Def.'s Summary Judgment Reply at 2–14 (Doc. 57).

Plaintiffs' Proposed Fact No. 6: A final decree was entered in the Mimbres adjudication on January 14, 1993. Def. Ex. 29. See also Walker v. United States, 162 P.3d at 885 n.2 (referencing this final decree). As stated in [the] Final Decree, the claimants involved in the Mimbres adjudication did not include those using underground water exclusively for domestic or stockwatering purposes:

> The plaintiff-in-intervention, State of New Mexico on the relation of S.E. Reynolds, State Engineer, has served process on all known water claimants as can be discovered by reasonable diligence and who are claiming the right to divert or use the public waters of the Mimbres River Stream System or Mimbres Underground Water System, except for those using underground water exclusively for domestic or stock watering purposes.

Def. Ex. 29 (Final Decree in Case No. 6326), ¶ 3.

Defendant's Response to Proposed Fact No. 6: Defendant agrees that a Final Decree was issued in the Mimbres adjudication on January 14, 1993, that the copy of that Final Decree is included in the record as Defendant's Exhibit 29, and that a portion of that Final Decree is accurately quoted by Plaintiffs. Defendant further responds that water rights associated with certain wells on the Allotments at issue in this case (i.e., rights to use underground water) were awarded to the United States. See Def. Ex. 27–29; Pls.' Proposed Fact No. 7. Defendant further

responds that the limiting language quoted by Plaintiffs only applies to 1 water right claimed by Plaintiff in this case – the alleged right to use water from the "Test Well" on the Allotments. This is the only alleged right to use underground water for stock watering that is claimed by Plaintiffs in this case and that was not identified in the Mimbres adjudication and awarded to the United States or to Plaintiffs' predecessors. See Pls.' Proposed Fact No. 8 (listing water rights claimed by Plaintiffs that were not awarded to the United States in the Mimbres adjudication).

Plaintiffs' Proposed Fact No. 7: Of the 40 water rights obtained by the Walkers, 11 springs, 10 tanks and 5 wells are identified in the Amended Stipulation. [table omitted].

Defendant's Response to Proposed Fact No. 7: The question of whether the Walkers "obtained" any water rights from their predecessors, Dominguez and Oliver, is a question of New Mexico state law, rather than a material "fact" under RCFC 56(h). Defendant agrees that of the 40 water rights that the Walkers claim to have acquired, 26 of those rights were identified in the Amended Stipulation and awarded to the United States. Def. Ex. 27-29.

Defendant further responds that even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own any of the 40 water rights that they are claiming on the Allotments under New Mexico state law, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 8: Of the 40 water rights obtained by the Walkers, 11 springs, 2 tanks and 1 well are not identified in the Amended Stipulation. [table omitted].

Defendant's Response to Proposed Fact No. 8: The question of whether the Walkers "obtained" any water rights from their predecessors, Dominguez and Oliver, is a question of New Mexico state law, rather than a material "fact" under RCFC 56(h). Defendant agrees that of the 40 water rights that the Walkers claim to have acquired, the 14 alleged water rights identified in this proposed fact were not identified in the Amended Stipulation (Def. Ex. 27). Defendant further responds that non of these alleged water right claims were awarded to the Walkers' predecessors in the Mimbres adjudication. See Def. Ex. 25 and 26 (orders awarding water rights to Dominguez and Oliver).

Defendant further responds that even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own any of the 14 water rights that were not identified in the Amended Stipulation and awarded to the United States (Def. Ex. 27-29), and that were not awarded to Plaintiffs' predecessors in the Mimbres adjudication (Def. Ex. 25-26 and 29), summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 9: Rustler Spring was not subject to the Mimbres adjudication. Def. Ex. 30 – Declaration of Ralph D. Pope, ¶23.

Defendant's Response to Proposed Fact No. 9: Defendant agrees that the right to use water from Rustler Spring was not subject to the Mimbres adjudication because this water source is not located within the Mimbres system. Instead, Rustler Spring is located in the Rio Grande system and the water rights associated with this surface water are subject to a separate adjudication under New Mexico law. Declaration of Ralph D. Pope, ¶23 (Def. Ex. 30).

Defendant further responds that even if the Court finds that there is a genuine issue of material fact as to whether the Walkers possess a water right to the use of water from Rustler Spring for stock watering purposes, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 10: The Walkers made beneficial use of water from these eleven springs identified in ¶8 for stock watering purposes. Walker MSJ Decl. ¶11.

Defendant's Response to Proposed Fact No. 10: This proposed fact is not relevant or material to the issue presented in Defendant's motion for summary judgment.

Defendant further responds that the Walkers assert that these water rights were all "perfected prior to March 19, 1907." Pls.' Opp. at 10. Assuming for the purposes of resolving

Defendant's motion for summary judgment that the Walkers' predecessors-in-interest perfected water rights to these surface waters prior to March 19, 1907, then the Walkers' predecessors were required to present their claims to the 10 springs located within the Mimbres system in the Mimbres adjudication since the adjudication expressly encompassed all claims to the right to divert or use the surface waters of the Mimbres system. See Def. Ex. 29. It is undisputed that Dominguez and Oliver were awarded no such water rights in the Mimbres adjudication. See Def. Ex. 25-29. As set forth in Defendant's summary judgment reply brief, the Walkers are bound by the actions (and inactions) of their predecessors-in-interest with respect to these water rights, and by the outcome of the Mimbres adjudication. In addition, the spring located within the Rio Grande system is subject to a separate general stream adjudication. Plaintiffs have presented no evidence that they have submitted their claim involving the Rustler Spring in that adjudication or that they have been awarded a water right to use that spring in that adjudication or through any other means available under New Mexico state law. Def.'s Summary Judgment Mem. at 29-30 (Doc. 44).

Alternatively, even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own any of the 40 water rights that they are claiming on the Allotments under New Mexico state law, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 11: The Walkers made beneficial use of water from the Royal John Tank and the Twin Calf Tank for stock watering purposes. Walker MSJ Decl. ¶12.

Defendant's Response to Proposed Fact No. 11: This proposed fact is not relevant or material to the issue presented in Defendant's motion for summary judgment.

Defendant further responds that the Walkers insist that their water rights involving these two tanks were "perfected prior to March 19, 1907." Pls.' Opp. at 10. Assuming for the purposes of resolving Defendant's motion for summary judgment that the Walkers' predecessors-in-interest perfected water rights to these surface waters prior to March 19, 1907, then the Walkers' predecessors were required to present their claims to the 2 tanks, both of which are located within the Mimbres system, in the Mimbres adjudication since the adjudication expressly encompassed all claims to the right to divert or use the surface waters of the Mimbres system. See Def. Ex. 29. It is undisputed that Dominguez and Oliver were awarded no such water rights in the Mimbres adjudication. See Def. Ex. 25-29. As set forth in Defendant's summary judgment reply brief, the Walkers are bound by the actions (and inactions) of their predecessors-in-interest with respect to these water rights, and by the outcome of the Mimbres adjudication.

Alternatively, even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own water rights to these two tanks that they are claiming on the Allotments under New Mexico state law, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water rights. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

Plaintiffs' Proposed Fact No. 12: The Walkers made beneficial use of water from the Test Well for stock watering purposes. Walker MSJ Decl. ¶13.

Defendant's Response to Proposed Fact No. 12: This proposed fact is not relevant or material to the issues presented in Defendant's motion for summary judgment.

Defendant further responds that Plaintiffs' evidence is insufficient as a matter of law to establish that they acquired a vested right to the use of waters from this well for stock watering purposes. First, the Test Well is located in a portion of the Mimbres basin which was declared subject to the jurisdiction of the State Engineer as of February 3, 1970. See 19.27.43.8 NMAC; see also NMAC Art. 7, Declared Underground Water Basins, available at http://www.ose.state.nm.us/PDF/GroundWaterRegs-Article7.pdf (last visited on Nov. 27, 2007). After this date, the only way to obtain a right to use the waters of this underground basin is to first obtain a permit from the State Engineer. See NMSA §§ 72-12-1, 72-12-1.2, 72-12-3, 72-12-5; see also 19.27.1.8-9 NMAC. Plaintiffs have no such permit. Instead, they rely solely on a "declaration of ownership" form that they filled out and submitted to the State Engineer in January 1997. See Walker SJ Decl., Ex. A, p. 73 (Doc. 51-5, p. 13 of 20). Notably, this declaration fails to list the name of the basin where the well is located, even though this is the first piece of information required on the declaration form. The Walkers' incomplete declaration also states that this well was drilled by "Gulf Mineral" in 1975, which is five years after the area of the Mimbres basin where the well was located became subject to the State Engineer's jurisdiction, meaning that a permit was required from the State Engineer to obtain a right to use

any water produced from this well. Again, the Walkers have produced no such permit.

Second, although Shellie Walker declares under penalty of perjury that she and her husband "made beneficial use of water we pumped from the Test Well for stock watering purposes from the time we purchased the property in 1994 until June 30, 1998," Walker Decl. ¶ 13, the declaration they submitted to the State Engineer on January 16, 1997, states that the original capacity of the well is "unknown," that the present capacity of the well is "untested," and that the well is "capped at present." Walker Decl., Ex. A, p. 73 (Doc. 51-5, p. 13 of 20). A capped well is not a producing well. Having failed to follow the procedure necessary to acquire a right to use underground waters in the Mimbres basin, and having presented conflicting evidence as to their use of any such water from the Test Well, Plaintiffs have not met their burden of establishing that they possess a water right under New Mexico state law to use water from this well for stock water purposes.

Alternatively, even if the Court finds that there is a genuine issue of material fact as to whether the Walkers own a water right to the Test Well that they are claiming under New Mexico state law, summary judgment must be entered for Defendant because it is undisputed that the Walkers have not requested (and therefore have not been denied) access to such water right. Def.'s Summary Judgment Mem. at 31–34 (Doc. 44); Def's Summary Judgment Reply at 16-18 (Doc. 57).

<u>Plaintiffs' Proposed Fact No. 13</u>: Prior to their purchase of the property in 1994, the Walkers' predecessors, including the Dominguezes and the Olivers, made beneficial use of water from the water sources listed above for stock watering purposes. Walker MSJ ¶14.

Defendant's Response to Proposed Fact No. 13: This proposed fact is not relevant or material to the issues presented in Defendant's motion for summary judgment. In addition, this proposed fact, which relates to an unspecified time period prior to the Walkers' alleged purchase of water rights from Dominguez and Oliver in 1994, is based solely on paragraph 14 of the Declaration of Shellie Walker (dated Oct. 15, 2007) (Doc. 50). Under RCFC 56(e), affidavits submitted in support or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein." Shellie Walker's declaration does not establish that she has personal knowledge of the actions of her predecessors-in-interest with respect to the water rights in question, nor does it otherwise establish that she is competent to testify as to such matters. Accordingly, to the extent that this proposed fact is relevant or material, Plaintiffs have not properly supported this fact in the manner required by this Court's rules.

Defendant further responds that Plaintiffs' contention that their predecessors-in-interest made beneficial use of the water that they claim to have rights to use for stock watering purposes under New Mexico state law is used in their Opposition Brief to collaterally attack the outcome of the Mimbres adjudication. The orders and final decree issued in the Mimbres adjudication are part of the record in this case (Def. Ex. 25-29), and there can be no real dispute that the United States was awarded 263 water rights within the Mimbres system for stock watering and wildlife purposes, and that Plaintiffs' predecessors, Dominguez and Oliver, were awarded no such water rights. See Def. Ex. 25-29; Def.'s Summary Judgment Mem. at 8–11 and 16-34 (Doc. 44); Def.'s Summary Judgment Reply at 2–14 (Doc. 57).

DATED: November 28, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone No.: (603) 230-2583
Facsimile No.: (603) 225-1577
E-mail: kristine.tardiff@usdoj.gov

OF COUNSEL:
MARY ANN JOCA
Assistant Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
P.O. Box 586
Albuquerque, N.M. 87103-0586